## CATHARINE WALL *vs.* PROVIDENT INSTITUTION FOR SAVINGS.

An administrator whose intestate's estate proves insolvent has the same right to avoid a fraudulent disposition of property by him in his lifetime that a creditor would have.

The administrator of one who has deposited money in a savings bank upon terms and conditions set forth in the by-laws contained in the deposit book, one of which provides that " no persons shall receive any part of their principal or interest, without producing the original book," may maintain an action against the savings bank for such deposit, if the same is needed for the payment of debts, upon tendering a satisfactory bond of indemnity in lieu of the book, if the latter was fraudulently disposed of by the intestate in his lifetime.

CONTRACT on an account annexed, containing one item for money deposited with the defendants by Michael Wall, the plaintiff's intestate, and one item for interest thereon. After the former decision in this case, reported in 3 Allen, 96, a trial by jury was waived, and a new trial was had in the superior court, before *Putnam*, J., who found for the defendants, upon facts which are stated in the opinion. The plaintiff alleged exceptions.

*W. L. Burt*, for the plaintiff, cited *Holland* v. *Cruft*, 20 Pick. 321, and cases cited; *Gibbens* v. *Peeler*, 8 Pick. 254; *Martin* v. *Root*, 17 Mass. 222.

*W. S. Dexter & J. C. Ropes*, for the defendants.

HOAR, J. This case, which has been once before brought to this court upon exceptions, and is reported in 3 Allen, 96, has been again tried in the superior court; and now comes before us again upon exceptions. But the facts proved on the last trial, and certified in the report of the judge who presided, differ materially from those which at first appeared.

It is now found that the deposit was made with the defendants by Michael Wall, the plaintiff's intestate, in trust for Margaret Wall; that it was so made in fraud of creditors, and to prevent attachments; that the plaintiff has no other funds to pay debts with; and that there is an outstanding debt due to a creditor, which was contracted before the fraudulent conveyance or declaration of trust was made. It also appears that the deposit book which Michael Wall received was given by him to

Wall v. Provident Institution for Savings.

one Powers, with orders to keep it for him, and if he died to give it to Margaret Wall; and that it was given to her since the death of said Michael. The book was produced and shown to the defendants by Margaret Wall, who claims the deposit as her property.

In the opinion given in 3 Allen, our decision was put upon the ground that a person who has conveyed his property in fraud of creditors is not entitled to the aid of the law to recover it back; and that his administrator has no greater rights in this respect, " unless there is evidence that the administrator requires it for payment of debts," of which there was then no evidence before us. But now that this evidence has been supplied, the right of the administratrix is no longer limited to that of the intestate, but she represents the rights of creditors. She seeks to avoid the effect of a fraudulent act intended to injure them; and should have the same rights as a creditor who might seek to appropriate the fund by the aid of the trustee process.

The by-law of the defendants, which was part of their contract with their depositors, provided that " no persons shall receive any part of their principal or interest without producing the original book, that such payments may be entered thereon." This was a reasonable provision against Michael Wall, from which he could have no claim to be relieved if he had voluntarily parted with his book for a fraudulent purpose. And although another by-law provides that " upon the death of any depositor, the moneys standing in the name and to the credit of such depositor shall be paid to the legal representative, conformably to the laws of the state," it would not be reasonable to construe this as dispensing with the production of the voucher; certainly not, where the intestate had wilfully disabled himself from conforming to the rule, and the representative possessed no higher equities. But as representing creditors, the administratrix is unable to produce the book, and this without fault on their or her part. In asserting the rights of creditors to the fund, in any manner which the law allows, it could not be supposed that the voucher would be under their control. The question is merely who owns the fund.

A case somewhat analogous in principle may serve as an illustration. If a deed of real estate were executed and delivered, and not put upon record, and, in order to defraud creditors of the grantee, it should be agreed between him and the grantor that the deed should be cancelled and destroyed, and that should be done accordingly, neither the grantee nor his heirs could afterward maintain any title to the estate under the deed. But could it be doubted that a creditor of the grantee could levy upon and hold the estate ?

We do not overlook the rule of the defendants' institution, which, though not found among the by-laws, is inserted in the deposit book, and is as follows: " If a bank book should be stolen or lost, the depositor must immediately give notice in writing to the institution. The money will in such a case be paid to the depositor upon his giving a bond with satisfactory sureties to keep the institution harmless from all consequences of such payment." But it is unnecessary to consider whether this rule has any application to the case of an administrator suing in behalf of creditors, because the plaintiff, although she did not tender a bond, offered to give one, which the defendants did not consent or offer to accept, and she now offers and is ready to execute such a bond, as a condition to precede the recovery of judgment. Upon the facts found at the trial, we are of the opinion that the plaintiff, upon furnishing a sufficient bond, would be entitled to judgment. *Exceptions sustained.*